UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEONTAE GORDON,

        Plaintiff,

v.

UNKNOWN TOWNS et al.,

        Defendants.
_____/

Case No. 1:19-cv-603

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983 and RLUIPA. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff's claims for violation of his First Amendment free exercise rights, claims for violation of his Fourteenth Amendment equal protection rights, and state-law tort claims remain.

**Discussion**

I.        **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Michigan. The events about which he complains, however, occurred at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan, the Marquette Branch Prison (MBP) in Marquette, Michigan, and the Carson City Correctional Facility (DRF) in Carson City, Michigan. Plaintiff sues an unknown John/Jane Doe Transfer Coordinator from LRF, Prison Counselor Fred Governor from MBP, DRF Corrections Officers Unknown Palmer, Unknown Zavala, Unknown McMurphy, and Unknown Maurer, and DRF food service worker Unknown Towns.

Plaintiff alleges that he is an adherent of Buddhism. He follows the Buddhist dietary laws. To accommodate that exercise of his religious beliefs, the MDOC provides a vegan diet in several of its correctional facilities, including LRF and DRF, but not MBP. MDOC Policy Directive 05.03.150 ¶ OO.

During July of 2018, the LRF Transfer Coordinator transferred Plaintiff from LRF to MBP. Plaintiff contends the transfer was a deliberate and knowing attempt to burden the free exercise of his religion.

The MDOC did not transfer Plaintiff on a whim. This Court, in connection with Plaintiff's action in *Gordon v. Rondeau et al.*, No. 2:16-cv-89 (W.D. Mich.), ordered the MDOC to produce Plaintiff at its Marquette courthouse for a final pretrial/settlement conference. (2:16-cv-89, ECF No. 70.) Apparently, pursuant to the Court's writ of habeas corpus ad testificandum, Defendant LRF Transfer Coordinator effected the transfer to MBP. MBP is certainly the closest MDOC facility to the Marquette courthouse; however, the next two closest facilities—the Baraga

Correctional Facility and the Alger Correctional Facility—both offer a vegan diet option. Plaintiff contends that, once he was approved for the religious diet, the MDOC was required to provide the meals, even if providing the meals required a transfer. MDOC policy supports his claim. *See* MDOC Policy Directive, 05.03.150 ¶ OO.

When Plaintiff arrived at MBP, he brought the religious diet issue to the attention of Defendant Governor and demanded a transfer. Defendant Governor refused for 16 days, stating: "F**k your religious diet, that's the consequence of suing the MDOC." (Compl., ECF No. 1, PageID.11.) Plaintiff alleges Defendant Governor's refusal to transfer Plaintiff or arrange for Plaintiff to have a religious diet placed a substantial burden on Plaintiff's ability to practice his beliefs. His only options were to starve or eat food in direct violation of those beliefs.

On October 18, 2018, Plaintiff was transferred to DRF. He received his religious diet for a couple of days, but on October 20, Defendant Towns began refusing to send Plaintiff's religious diet to his unit and instructed other staff to also refuse. Plaintiff contends that corrections officers, including Defendant Palmer, confirmed for Towns that Plaintiff was approved to eat the religious diet. Nonetheless, Towns denied Plaintiff his religious diet until October 30 when Plaintiff's grievance regarding the matter was reviewed.

Plaintiff alleges that the remaining defendants, Palmer, Zavala, McMurphy, and Maurer, conspired to discriminate against him because of his religion by refusing to call him out for his prison job for three months.

Plaintiff contends that the defendants' conduct was negligent and/or rose to the level of an intentional tort under state law. He claims that the corrections officer defendants violated his Fourteenth Amendment equal protection rights. Finally, Plaintiff claims that all of the Defendants interfered with Plaintiff's right to freely exercise his religion and also violated

3

RLUIPA. Plaintiff asks the Court to enter a declaratory judgment finding that Defendants' actions violated Plaintiff's rights and he seeks compensatory and punitive damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

4

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Accepting Plaintiff's allegations as true, he has adequately alleged claims against each Defendant for violations of Plaintiff's First Amendment free exercise rights or Fourteenth Amendment equal protection rights. But, Plaintiff has failed to allege a viable claim under RLUIPA. The Court declines supplemental jurisdiction over any state law claims.

RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to [a prison] . . . unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see also Haight v. Thompson*, 763 F.3d 554, 559-60 (6th Cir. 2014). Plaintiff contends that each Defendant has violated RLUIPA; however, he sues each defendant in his or her personal capacity. (Compl., ECF No. 1, PageID.4-5, 9-10.) RLUIPA does not create a cause of action against an individual in that individual's personal capacity. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd Sossamon v. Texas*, 563 U.S. 277 (2011)[1]; *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) ("[RLUIPA] does not create a cause of action against state employees in their personal capacity.");

---

[1] The Supreme Court granted certiorari only on the question "Whether an individual may sue a State or state official in his official capacity for damages for violation of" RLUIPA. *Sossamon v. Texas*, 560 U.S. 923 (2010). Thus, the Supreme Court left undisturbed and unreviewed the Fifth Circuit's holding that "RLUIPA does not create a cause of action against defendants in their individual capacities." *Sossamon*, 560 F.3d at 331.

5

*Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) ("RLUIPA does not provide a cause of action against state officials in their individual capacities . . . .").[2]

Although Plaintiff has not alleged official capacity claims against Defendants, RLUIPA does not permit damages claims against prison officials in their official capacities either. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). In *Sossamon v. Texas*, 563 U.S. 277 (2011), the Supreme Court held that the RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. *See also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."). Therefore, although the statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA.

Sovereign immunity does not bar a suit seeking declaratory or injunctive relief against Defendants in their official capacities. *See Ex Parte Young*, 209 U.S. 123, 159-160 (1908). The *Ex Parte Young* exception, however, is limited. It applies only to prospective relief. *Green v. Mansour*, 474 U.S. 64, 68-73 (1985). Although Plaintiff seeks declaratory relief against the Defendants, the declarations he seeks are that Defendants have violated his rights in the past. Plaintiff is no longer at any of the facilities where the Defendants work. Thus, there is no prospective component to his requests for declaratory relief and the requests do not fall within the *Ex Parte Young* exception.

---

[2] In *Haight*, 763 F.3d at 554, the Sixth Circuit analyzed whether Congress's spending power permitted a RLUIPA damages claim against an individual prison official in the official's personal capacity. The court rested its determination that such claims were not permitted on its conclusion that "appropriate relief" under RLUIPA was not a sufficiently clear statement to authorize such a damages claim. *Id.* at 567-569. The court stopped short of adopting the reasoning that swayed the Fifth Circuit in *Sossamon* and subsequent federal circuit court panels. *Haight*, however, did not squarely present the issue whether a personal capacity suit for injunctive or declaratory relief might be available.

Sovereign immunity also does not bar injunctive relief against a state official, *see Ex Parte Young*, 209 U.S. at 159-60; but, Plaintiff does not seek injunctive relief. Moreover, any claims for injunctive relief based on the allegations in his complaint would be moot—he is no longer confined at LRF, MBP, or DRF. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are not moot as he is no longer confined to the institution . . . ."). Accordingly, Plaintiff has not stated and cannot state a viable RLUIPA claim based on the allegations in his complaint. His RLUIPA claim is properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's RLUIPA claim will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment free exercise claims and Fourteenth Amendment equal protection claims against Defendants remain in the case. The Court declines supplemental jurisdiction over the state law claims.

An order consistent with this opinion will be entered.

Dated: August 29, 2019  /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE