UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTE GORDON,

    Plaintiff,

v.

    CASE No. 1:19-CV-603

    HON. ROBERT J. JONKER

UNKNOWN TOWNS, et al.,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 37), Plaintiff's Objection, (ECF No. 38), and Defendants' Objection (ECF No. 39). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and the parties' respective objections.

The Magistrate Judge recommends granting, in part, Defendants Govern, Palmer and Zavala's Motion for Summary Judgment on the basis of exhaustion.[1] The Magistrate Judge recommends granting the motion with respect to Defendants Palmer and Zavala and denying the motion with respect to Defendant Govern. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct.

*1. Defendants Palmer and Zavala*

The Magistrate Judge recommends granting the defense motion as to Defendants Palmer and Zavala because Plaintiff failed to exhaust a claim as to those defendants. In Grievance DRF-18-12-30383-02z, dated November 30, 2018, Plaintiff alleged that Defendants Palmer and Zavala conspired together to preclude him from attending his prison work assignment. The grievance was denied at Step I. Plaintiff does not dispute that he failed to pursue his grievance through Step III. Instead he argues that when he appealed at Step II, prison officials never responded. In his objections, Plaintiff reiterates that he needed a response to properly exhaust his claim.

Plaintiff provides no authority for such an assertion, however, and as the Magistrate Judge properly observed, MDOC policy provides that a prisoner may appeal a matter to Step III if he fails to receive a Step II grievance. MDOC Policy Directive 03.02.130 ¶ FF (July 9, 2007). Without anything more to demonstrate Plaintiff was prevented for pursuing his grievance, there is no genuine dispute that Plaintiff failed to properly exhaust this grievance. The Court agrees that Defendant has failed to exhaust a claim against Defendants Palmer and Zavala, for the very reasons provided by the Magistrate Judge.

---

[1] The motion is brought by other defendants as well, though those defendants "concede" that Plaintiff's claims against them have been exhausted.

### 2. *Defendant Govern*

The Magistrate Judge recommends denying the defense motion as to Defendant Govern. In Grievance MBP-18-08-1059-28e, Plaintiff alleged that Defendant Govern, and others, denied him his constitutional rights by failing to transfer him to a facility that offered vegan meals. The Magistrate Judge noted that prison officials "reviewed and considered" this grievance at Step III. The Magistrate Judge also observed that Plaintiff received a negative response, but there was no indication in the response that prison officials were enforcing their procedural rules. On this basis, the Magistrate Judge recommended denying the motion because a court cannot enforce MDOC grievance requirements that MDOC has refused to enforce. *See, e.g.*, *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010).

The defense largely repeats its argument that Plaintiff failed to comply with the procedural requirements on this grievance. But this misses the point. Regardless of whether Plaintiff followed the rules, what matters here is whether prison officials enforced those rules, and the Court agrees with the Magistrate Judge that defense failed to meet its burden. All the defense can point to is an indication that prison officials *rejected* rather than *denied* Plaintiff's grievance. (ECF No. 39, PageID.241). This contention is insufficient to meet the defense's burden on exhaustion at the summary judgment stage. It contains the same shortcoming as that observed by the Magistrate Judge, namely, that the defense has presented no evidence to support their argument that the grievance was rejected *because* it failed to comply with the procedural rules. The defense could be right, but speculation does not provide a pathway for summary judgment.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 37) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 26) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims against Defendants Palmer and Zavala are **DISMISSED WITHOUT PREJUDICE** for failure to properly exhaust. Plaintiff's remaining claims against Defendant Govern shall proceed forward.


Dated:   September 23, 2020            /s/ Robert J. Jonker
                                                                ROBERT J. JONKER
                                                                CHIEF UNITED STATES DISTRICT JUDGE