UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTAE GORDON, #308075,

    Plaintiff,                          Hon. Robert J. Jonker

v.                                              Case No. 1:19-cv-603

UNKNOWN TOWNS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Emergency Preliminary Injunction. (ECF No. 61). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

In this action, Plaintiff alleges, in part, that he was denied a vegan diet in violation of his right to freely practice his religion. Specifically, Plaintiff alleges that he was authorized to receive vegan meals, but was either denied vegan meals or temporarily housed in facilities where vegan meals were not available. Several of Plaintiff's claims were dismissed on screening and several more were later dismissed on exhaustion grounds. (ECF No. 4-5, 37, 48). Discovery is presently ongoing following which the parties will have an opportunity to move for summary judgment or other appropriate relief. Plaintiff now moves for an emergency preliminary injunction. Specifically, Plaintiff alleges that he is presently being housed in a facility that does not provide vegan

-1-

meals. Plaintiff requests, therefore, that the Court order the MDOC to transfer him to a different facility where vegan meals are provided.

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). These are non-dispositive relevant factors the Court must consider and weigh. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs against Plaintiff's request. First, Plaintiff has failed to support his motion with any evidence and, therefore, has failed to establish that he is likely to prevail on the merits of any his remaining claims. While the Court does not diminish the impact of Plaintiff's circumstance, depriving a prisoner of a

religious diet does not constitute an *irreparable* injury.  *See, e.g., Jarrett v. Snyder*, 2014 WL 6893229 at *4 (W.D. Mich., Dec. 5, 2014).  Finally, the public interest would not be served by granting Plaintiff relief.  Plaintiff alleges that he is presently housed at the Charles Egeler Reception and Guidance Center (RGC).  Because RGC does not offer vegan meals, Plaintiff requests that the Court order that he be transferred to a facility which does offer vegan meals.  But, in a separate pleading (ECF No. 58), Plaintiff notes that he is being housed at RGC as part of the MDOC's Covid-19 protocols.  The public interest is not served by interfering in the MDOC's efforts to control and manage the Covid-19 pandemic.  Accordingly, the undersigned recommends that Plaintiff's motion be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 23, 2020            /s/ Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge