UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTE GORDON,

       Plaintiff,

                                                   CASE No. 1:19-CV-603

v.

                                                   HON. ROBERT J. JONKER

UNKNOWN TOWNS, et al.,

       Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 65). The Report and Recommendation was duly served on the parties. No objections to the Report and Recommendation have been filed. Plaintiff has filed a motion to disqualify the Magistrate Judge.

The Magistrate Judge recommends denying Plaintiff's motion for emergency preliminary injunction (ECF No. 61). Plaintiff's motion to disqualify the Magistrate Judge is not sufficient to warrant de novo review of the pending Report and Recommendation. It relates, rather, to an earlier ruling of the Magistrate Judge denying without prejudice Plaintiff's motion to stay this case. Plaintiff's failure to object alone is a sufficient basis for denying the motion for an emergency injunction. Furthermore, the Court concludes the Report and Recommendation is factually sound and legally correct. It correctly concludes that Plaintiff's motion for emergent relief is without merit. It is also without merit because the motion is based on alleged new circumstances occurring subsequent to those detailed in the Complaint in this matter. It is not based on something that is a part of the existing case. For these reasons, then, the Court approves

and adopts the Magistrate's Report and Recommendation and denies Plaintiff's motion requesting emergent relief.

Plaintiff's motion to disqualify the Magistrate Judge is also denied.  A judge's rulings in a case are ordinarily not enough to support a litigant's request for recusal based on alleged bias.  *See United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005); *cf. In re Hake*, 348 F. App'x 80, 82-83 (6th Cir. 2009).  In general, the moving party must show bias or prejudice arising from an "extrajudicial source."  In the absence of proof of extrajudicial bias, the moving party must show that the judge has "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Plaintiff fails to make this showing.  He complains only about the Magistrate Judge's order that denied, without prejudice, his motion to stay the case.  This falls far below the standard necessary to disqualify.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 65) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Emergency Preliminary Injunction (ECF No. 61) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Disqualify the Magistrate Judge (ECF No. 67) is **DENIED.**

Dated:     December 21, 2020              /s/ Robert J. Jonker
                                                           ROBERT J. JONKER
                                                           CHIEF UNITED STATES DISTRICT JUDGE